```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


LEVY INDIANA SLAG COMPANY,     )
                               )
          Plaintiff,           )
                               )
     v.                        )   Case No. 2:05 CV 344
                               )
INTERNATIONAL UNION OF         )
OPERATING ENGINEERS, LOCAL     )
150, AFL-CIO                   )
                               )
          Defendant            )
_____
EDW. C. LEVY COMPANY, INC.,    )
                               )
          Plaintiff,           )
                               )
     v.                        )   Case No. 2:05 CV 349
                               )
INTERNATIONAL UNION OF         )
OPERATING ENGINEERS, LOCAL     )
150, AFL-CIO                   )
                               )
          Defendant            )
```

OPINION and ORDER

This matter is before the court on the Motion to Reconsider First Motion to Compel Discovery filed by the defendant, Local 150, in these companion cases, on July 21, 2006. For the following reasons, this motion is **GRANTED**.

Background

The defendant, Local 150, picketed the plaintiffs, Levy Indiana Slag Company ("LISCO") and the Edwin C. Levy Company ("ECL"), after striking a sister company, the Levy Company. LISCO and ECL subsequently filed these companion breach of contract actions against Local 150 for violating the "no strike"

clause in the plaintiffs' respective CBAs.

On June 22, 2006, this court addressed an extensive discovery dispute between the parties which ranged from the legal viability of Local 150's "single employer defense" and related issues of relevance, to the number and nature of interrogatories, and to multiple distinct complaints regarding the form in which LISCO and ECL provided discovery.  Local 150 now seeks reconsideration because the order did "not address the specific issue of redacted documents raised in Local 150's Motion [to compel]." (Motion to Reconsider, p. 1)  Specifically, Local 150 asks the court to address redactions related to 1) hotel bills, 2) employee earnings statements, and 3) Jones Day invoices.  Although Local 150 took issue with other redactions such as those on purchase orders, Local 150 does not seek reconsideration with respect to these other omissions.  Therefore, the court limits this order to the three areas of redaction raised by Local 150 above.

In the June 22 order, this court noted that, with the exception of the issues addressed therein, the motion to compel contained "a myriad of other complaints . . . some of which are under discussion" and did not appear to have reached a final standstill. (June 22, 2006 Order, p. 8)  From its opening brief, Local 150 made clear that the redaction issue fell under this category of ongoing negotiation. For example, with respect to both the employee earning statements and hotel bills, Local 150 notified the court that LISCO and ECL "counsel previously agreed

2

to review this issue but has not yet provided a response" at the time the motion to compel was filed.  Local 150 further stated that it would "withdraw [these] requests[s] if a satisfactory resolution is reached."  (Motion to Compel, p. 15) For this reason, the court declined to address Local 150's redaction complaints.  However, it appears from the filing of the motion to reconsider that the parties were not able to resolve their differences. Accordingly, the court addresses the issue, fully briefed in the motion to compel, here.

### Discussion

Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery that is "relevant to the claim or defense of any party" and not privileged. In turn, Rule 26(b)(5) states that "[w]hen a party withholds information otherwise discoverable . . . the party shall make the claim expressly . . . ."

LISCO and ECL have not claimed any privilege or provided a privilege log for the redacted materials, nor have they even clearly made a relevancy objection.  In addition, a protective order already governs discovery in this case.  Thus, ECL and LISCO have no reason for redacting identifying information from the hotel bills. While the plaintiffs may have intended to prevent confusion caused by a hotel clerk entering the wrong individual or company name for certain hotel rooms, this rationale does not constitute good cause to redact the bills during discovery.  Local 150 is entitled to view the manner in which the rooms were assigned or reserved.

3

Likewise, ECL and LISCO do not have good cause to withhold employee names from earnings statements, particularly when Local 150 is aware of some employee identities already. The stipulated protective order limits disclosure of confidential information, but allows for disclosure to the "principals, officers, agents and employees of a party," among others. (Protective Order, p. 2) If the plaintiffs are concerned that the order does not provide enough protection for the disclosure of these employee identities, they may enter a second stipulation specifically limiting disclosure of names to the parties' counsel in this case. However, Local 150 may not be denied the right to evaluate the plaintiffs' damages allegations simply because a strike was contentious.

Finally, the plaintiffs do not claim the attorney client or work product privileges as a basis for redacting the Jones Day invoices. In addition, neither party has provided a sample invoice which Local 150 claims was unfairly redacted. Regardless, Local 150 is entitled to view the date, attorney name, hourly rate, time spent, and *complete* services rendered entry on all Jones Day invoices which the plaintiffs allege as damages. Local 150 is not entitled to view entries for which the plaintiffs do not seek damages. LISCO and ECL have stated that they divided attorneys' fees between these cases in the same manner as the hotel bills, presumably because the firm did not bill separately for work in each case. While the plaintiffs' approach may make sense in light of the litigation, a choice of billing

4

method does not dictate what information may be seen by the defendant on bills the plaintiffs are attempting to assign to Local 150.

_____

For these reasons, the Motion to Reconsider First Motion to Compel Discovery filed by the defendant, Local 150, on July 21, 2006, is **GRANTED.** The plaintiffs are **ORDERED** to produce unredacted hotel bills, employee earnings statements, and Jones Day invoices consistent with this opinion.

ENTERED this 1st day of August, 2006

s/ ANDREW P. RODOVICH
United States Magistrate Judge