```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


LEVY INDIANA SLAG COMPANY,           )
Plaintiff,                           )
                                     )
vs.                                  )    NO. 2:05-CV-344
                                     )
INTERNATIONAL UNION OF OPERATING     )
ENGINEERS, LOCAL 150, AFL-CIO        )
                                     )
Defendant.                           )
***********************************
                                     )
EDW. C. LEVY COMPANY, INC.           )
                                     )
Plaintiff,                           )
                                     )
v.                                   )    NO. 2:05-CV-349
                                     )
INTERNATIONAL UNION OF OPERATING     )
ENGINEERS, LOCAL 150, AFL-CIO        )
                                     )
Defendant.                           )
```

## OPINION AND ORDER

This matter is before the Court on Local 150's Motion for Reconsideration, Request for Interlocutory Appeal and Stay of Proceedings, filed on March 12, 2007. For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

On September 7, 2005, Plaintiff, Levy Indiana Slag Company ("LISCO"), brought suit against Defendant, International Union of

Operating Engineers, Local 150, AFL-CIO ("Local 150") pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. section 185, as amended, ("LMRA"), in case no. 2:05-CV-344.  Two days later, Plaintiff, Edw. C. Levy Company, Inc. ("ECL"), brought suit against Local 150, also pursuant to section 301 of the LMRA, in case no. 2:05-CV-349.  Primarily, LISCO and ECL both complained that its workers represented by Local 150 engaged in unlawful strike activity at their respective facilities, in violation of the applicable collective bargaining agreements.  These cases were consolidated and the parties filed cross-motions for summary judgment on the issue of whether Local 150 members contractually waived their right to engage in the complained of strike activity.

In this Court's February 26, 2007, Opinion and Order, it was determined that Local 150 did, in fact, waive its members' right to engage in the sympathy strike activity at issue.  Accordingly, summary judgment was entered in favor of Plaintiffs and against Defendant on the issue of liability.  As a result, this left only the question of Plaintiffs' damages for trial.

In the instant motion, Local 150 requests this Court reconsider its February 26, 2007 Opinion and Order.  Alternatively, Local 150 seeks leave to file an interlocutory appeal.

DISCUSSION

Motion to Reconsider

The Federal Rules of Civil Procedure do not explicitly provide

for motions to reconsider; however, such motions are generally filed under either Rule 59(e) or 60(b). Initially, Local 150 failed to indicate under which rule it was filing its motion under. In its reply brief, thoough, Local 150 clarified that the instant motion is made pursuant to Rule 59(e). This rule allows a party to direct the court's attention to newly discovered evidence or manifest errors of law or fact, thereby enabling the court to correct its own errors to avoid unnecessary appellate review. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). The movant is required to "clearly establish" that he is entitled to relief under one of the aforementioned grounds. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122, n.3 (7th Cir. 2001). Notably, though, "it is not appropriate to argue matters that could have been raised in prior motions or to rehash previously rejected arguments in a motion to reconsider." *Kennedy v. Commonwealth Edison Co.*, 252 F.Supp.2d 737, 739 (C.D. Ill. 2003).

Local 150 requests this Court to reconsider its February 26, 2007, Opinion and Order, claiming that the Court made manifest errors of law and fact. First, Local 150 claims that the Court's determination regarding the applicability of *Indianapolis Power & Light v. Electrical Workers*, 898 F.2d 524, 527 (7th Cir. 1990), constitutes a manifest error of law. Respectfully, this Court disagrees.

As a threshold matter, in its Opinion and Order, this Court acknowledged, analyzed and ultimately rejected the applicability of

*Indianapolis Power*. And, while Local 150 disagrees with the Court's outcome, Local 150 concedes "that there is substantial ground for a difference of opinion over the applicability of *Indianapolis Power* . . .." (Local 150 Reply, p. 6). As such, it cannot be said that this Court's conclusion constitutes a manifest error of law for purposes of Rule 59(e). See *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(noting that a manifest error is not demonstrated by the disappointment of the losing party but, rather, "is the wholesale disregard, misapplication, or failure to recognize controlling precedent.").

Not only is the Court's determination regarding the applicability of *Indianapolis Power* not a manifest error of law, but the Court does not believe it to be an error of law at all. As set forth in its prior Opinion and Order, *Indianapolis Power* came to the Seventh Circuit as the result of an unusual procedural posture from the District of Columbia Circuit Court of Appeals. Earlier in those proceedings, the D.C. Circuit was of the opinion that "[a] broad no-strike provision by itself is not sufficient to waive the right to engage in sympathy strikes if extrinsic evidence of the parties' intent does not demonstrate that the parties mutually agreed to include such rights" within the no-strike clause. *Id.* at 528. The Seventh Circuit applied this rule regarding extrinsic evidence, which the District of Columbia Circuit announced in prior proceedings, as the law of the case. *Id.* at 529. In its February 26, 2007, Order, this Court found that

such a rule was not controlling precedent in this circuit.  (DE # 104, pp. 18-19).

In the instant motion, Local 150 claims that the rule announced in *Indianapolis Power* is controlling precedent and, in fact, claims that the "the Seventh Circuit extended the D.C. Circuit's rule from mere consideration of extrinsic evidence to a requirement that an employer furnish affirmative proof of intent to include sympathy strikes."  (Local 150 Brief, p. 3).  Thus, Local 150 argues that this Circuit has not only adopted, but actually extended the rule from *Indianapolis Power*.  In support of its argument, Local 150 quotes from this circuit's opinion in *Indianapolis Power*, which stated, "extrinsic evidence must manifest a clear mutual intent to include sympathy strikes within the scope of the no-strike clause or else the clause will not be read to waive sympathy strike rights."  (Local 150 Brief, p. 3).

There is no dispute that the quoted language appears in the *Indianapolis Power* opinion; however, Local 150 takes this language out of context.  From all indications, that language was employed by the Seventh Circuit in examining the practical effects that the D.C. Circuit's rule would have on remand. *Indianapolis Power*, 898 F.2d at 524.  There is no indication either in the opinion or from any other source that the court of appeals was adopting or extending that rule for this circuit.  Indeed, the legal landscape in this circuit reaffirms the notion that *Indianapolis Power* is not controlling authority.  For example, if this circuit had adopted

and extended the rule from *Indianapolis Power*, as Local 150 suggests, then it would have never called that rule into question as it has done.  See *R.L. Coolsaet Const. Co. v. Local 150, International Union of Operating Engineers*, 177 F.3d 648, 658, n. 6 (7th Cir. 1999)(recognizing "that the rule stated in Indianapolis Power is not necessarily the law of this circuit.").  And, if this circuit adopted or extended the rule set out in *Indianapolis Power*, such a rule would be in conflict with the circuit's existing precedent.  See *Gary Hobart Water*, 511 F.2d at 287 (noting that collective bargaining agreement can relinquish right to engage in sympathy strike if waiver is in "clear and unmistakable language"); See also *W-I Canteen*, 606 F.2d at 746 (noting that the court was satisfied that the language of the no-strike clause was sufficiently clear to preclude sympathy strikes); see also *United States Steel*, 711 F.2d at 780 (holding that a broad no-strike clause can constitute a clear and unmistakable waiver of an employee's right to engage in a sympathy strike).  Thus, this Court cannot adopt Local 150's argument that *Indianapolis Power* is applicable authority.

Ultimately, while the Court notes Local 150's dissatisfaction with its decision regarding the applicability of *Indianapolis Power*, this issue was addressed in detail in the February 26, 2007, Opinion and Order.  Local 150 has failed to present any evidence, argument or law that would alter this Court's prior holding.  For these reasons, the request to reconsider the applicability of

*Indianapolis Power* is denied.

Local 150 also requests this Court reconsider its extrinsic evidence. This issue has been raised and addressed in the Court's February 26, 2007, Opinion and Order. This argument essentially paraphrases the arguments Local 150 presented earlier. The only thing new about it is that this argument is now veiled with "the court erred in . . .." And, this argument is premised on the Court altering its stance on the applicability of *Indianapolis Power*, which the Court has not done. Thus, this issue is not appropriate for reconsideration in the current context. See *Oto*, 224 F.3d at 606; *Kennedy*, 252 F.Supp.2d at 739.

Finally, Local 150 states that "the Court does not appear to have considered the argument submitted by Local 150 that the no-strike clauses should be interpreted pursuant to the state of the law at the time that the clauses were negotiated." While the Court did not explicitly comment on that argument, it did read and rule on the ECL and LISCO Agreements "in light of the law relating to [them] when made." *Mastro Plastics Corp. v. NLRB*, 350 U.S. 270, 279 (1956). Thus, reconsideration of this issue is unnecessary.

### Request for Interlocutory Appeal

Pursuant to 28 U.S.C. section 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an

>immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

An interlocutory appeal is available only when: (1) an appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Bolm v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007(7th Cir. 2002).

Certificates of appealability under this section are generally disfavored because they "frequently cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system." *Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998), *rev'd on other grounds*, 530 U.S. 211 (2000). Thus, the party seeking an interlocutory appeal must show that "exceptional circumstances justify the departure from the basic policy of postponing appellate review until after the entry of final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473-74(1978). Generally, then, "the preferred practice is to defer appellate review until the entry of final judgment. . .." *Herdrich*, 154 F.3d at 368.

Local 150 has failed to meet its burden that exceptional circumstances justify departure from this Circuit's general policy. In fact, in its initial brief, Local 150 fails to explain, or even address, how an interlocutory appeal would speed up the litigation.

On the other hand, Plaintiffs argue that an interlocutory appeal will not materially advance this litigation. They point out that the only remaining issue is that of damages, which can be resolved through a three day trial. If Local 150's request is granted, Plaintiffs state that the parties will have to wait for the Seventh Circuit to decide whether or not to hear the appeal and, if it is accepted, the parties will spend considerable time briefing the issues. Then, after going through the appellate process, the case will return to this Court for further proceedings. In reply, Local 150 cursorily states that the appeal "may" advance the litigation because the appeal could conclude the litigation.

To start, Local 150's opinion that an appeal "may" advance the litigation is insufficient to meet its burden. See *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000)(noting that a petition for interlocutory appeal "must promise to speed up the litigation."). Moreover, this Court finds that an interlocutory appeal would likely serve only to delay this case. By setting an appeal at this juncture, the Court would surely cause a final resolution of this matter to be pushed back rather than sped up. A more stream-lined, efficient procedure would be for the parties to try the damage phase of this case and then pursue an appeal of the final judgment should either party so desire.

Because an interlocutory appeal would not materially advance this litigation, Local 150's request is denied. See *Ahrenholz*, 219

F.3d at 676("Unless all the[] criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b).").

CONCLUSION

    For the reasons set forth above, Local 150's motion is **DENIED**.

**DATED:  April 26, 2007**　　　　　　　　/s/RUDY LOZANO, Judge
　　　　　　　　　　　　　　　　　　　　**United States District Court**